United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NORTHBAY WELLNESS GROUP, INC., and DONA RUTH FRANK,

Appellants and Plaintiffs,

v.

MICHAEL KENNETH BEYRIES,

Appellee and Defendant.

_______________________________________/

No. C 11-06255 JSW

**ORDER AFFIRMING JUDGMENT OF BANKRUPTCY COURT**

Now before the Court is the appeal filed by appellants Northbay Wellness Group., Inc. ("Northbay") and Dona Ruth Frank ("Frank") (collectively "Appellants"), of the judgment of the bankruptcy court dated November 28, 2011 dismissing appellants' adversary proceeding against Michael Kenneth Beyries ("Beyries" or "Appellee"). Pursuant to Civil Local Rule 16-4 and Bankruptcy Local Rule 8010-1(b), the Court deems this case submitted on the papers without oral argument. Having carefully reviewed the administrative record and considered the parties' papers and the relevant authority, and good cause appearing, the Court hereby AFFIRMS the bankruptcy court's judgment.

**BACKGROUND**

The relevant facts are undisputed. Appellant Northbay is a corporation that, under CEO and Director Frank's leadership, operated as a medical marijuana dispensary in 2005 and 2006. (*In Re Beyries*, 10-13482, 2011 WL 5975445, Memorandum After Trial at 1 (Bankr. N.D. Cal. Nov. 29, 2011) ("Memo").)

During that time, the company generated several million dollars in sales. (*Id.*) Appellee Beyries served as Northbay's attorney, resigning in June of 2006. (*See id.*; Appellants' Opening Brief ("Br.") at 4.) In February 2008, Appellants filed a claim against Beyries in California Superior Court. (Br. at 5.) After trial, and the jury returned a detailed verdict with special findings. (Memo at 1.) Among other things, the jury found that Beyries was liable for breach of contract and conversion. (Br. at 6.)

Beyries filed for Chapter 7 bankruptcy on September 10, 2010. (*Id.* at 7.) Appellants filed an adversarial proceeding on December 13, 2010, seeking a judgment of nondischargeability as to the state court award pursuant to 11 U.S.C. § 523(a). (*See id.;* Appellee's Reply Brief ("Reply Br.") at 3.) The bankruptcy court found, in part, that the $25,000 portion of the state court judgment that was awarded specifically for Appellants' conversion claim was dischargeable under the doctrine of unclean hands. (*See* Memo at 2-3; Reply Br. at 5.) As to the remainder of Appellants' § 523(a) claim, the bankruptcy court found that there was insufficient proof for a judgment of nondischargeability. (Memo at 2.) Appellants now appeal the bankruptcy court's judgment.

**ANALYSIS**

**A. Standard of Review of Bankruptcy Court's Judgment.**

District courts have jurisdiction to hear appeals from final judgments, orders, and decrees of the bankruptcy court. 28 U.S.C. § 158. On appeal, a district court must review a bankruptcy court's findings of fact under the clearly erroneous standard and its conclusions of law de novo. Fed. R. Bankr. P. 8013; *see also Sigma Micro Corp. v. Healthcentral.com*, 504 F.3d 775, 783 (9th Cir. 2007). The test for clear error is not whether the appellate court would make the same findings, but whether the reviewing court, based on all of the evidence, has a definite and firm conviction that a mistake has been made. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985). A reviewing court may not overturn a decision, even if it would have weighed the evidence in a different manner, so long as the trial court's view of the evidence is plausible in light of the entire record. *Id.* at 573-74. When applying the clearly erroneous standard, the

United States District Court
For the Northern District of California

appellate court views the evidence in the light most favorable to the party who prevailed below. *Lozier v. Auto Owners Ins. Co.*, 951 F.2d 251, 253 (9th Cir. 1991).

The availability of issue preclusion is reviewed de novo. *Robi v. Five Platters, Inc.*, 838 F.2d 318, 321 (9th Cir. 1988). Assuming issue preclusion is available, the decision whether to apply it is reviewed for abuse of discretion. *Dias v. Elique*, 436 F.3d 1125, 1128-29 (9th Cir. 2006). A bankruptcy court's evidentiary rulings are reviewed for abuse of discretion. *In re Renovizor's, Inc.*, 282 F.3d 1233, 1237 n.1 (9th Cir. 2002).

**B. The Bankruptcy Court Did Not Err in its Application of the Unclean Hands Doctrine.**

Appellants contend that the bankruptcy court was collaterally estopped from applying the doctrine of unclean hands to the conversion judgment of $25,000. (*See* Br. at 18-19.) The bankruptcy court properly applied the doctrine of unclean hands to find that the $25,000 conversion award was dischargeable. However, Appellants have failed to meet their burden to show that collateral estoppel applied.

**1. Appellants failed to meet their burden to show collateral estoppel applied to the unclean hands defense.**

"The preclusive effect of a state court judgment in a subsequent federal lawsuit generally is determined by the full faith and credit statute ... [which] directs a federal court to refer to the preclusion law of the State in which the judgment was rendered." *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985). Thus, the bankruptcy court below was bound by California preclusion law in determining whether collateral estoppel barred litigation of the unclean hands issue as to Appellants' nondischargeability claim.

California issue preclusion law requires: (1) the issue sought to be precluded must be identical to that previously decided; (2) the issue must have been actually litigated in the prior proceeding; (3) the issue must have been necessarily decided in the prior proceeding; (4) the prior decision must be final and on the merits; and, (5) the party against whom preclusion is sought must be the same as or in privity with the party to the former proceeding. *Lucido v. Superior Court*, 51 Cal. 3d 335, 341 (1990). The party asserting issue preclusion bears the burden of establishing its requirements. *Id.* In deciding whether these criteria have been met, courts must look at the entire record from the prior proceeding, including the pleadings, the jury

United States District Court
For the Northern District of California

instructions, and special jury findings or verdicts. *Hernandez v. City of Pomona*, 46 Cal. 4th 501, 514 (2009).

Here, the burden was on Appellants to demonstrate to the bankruptcy court that the doctrine of collateral estoppel should apply. Thus, among other things, Appellants would have had to meet their burden to show that the unclean hands issue, as to the $25,000 conversion award, was "actually litigated" in state court. As such, Appellants had the burden to show that the issue was properly raised, submitted for determination, and was actually determined in the state court proceeding. *See People v. Sims*, 32 Cal. 3d 468, 484 (1982). Appellants have failed to meet their burden as to this threshold collateral estoppel requirement.

Appellants refer to only two relevant excerpts from the state court record to show that the unclean hands issue had already been litigated. Specifically, they cite to Beyries' answer to Appellants' state court complaint, as well as to Beyries' proposed jury instructions in the state case. (*See* Appellants' Excerpts of Record ("E.R.") E-154; E-86.) While Appellants also offer the special jury verdict, there is no mention of the unclean hands issue and it is accordingly irrelevant. (*See* Appellees' E.R. Ex. C.)

In state court, Beyries' answer pleaded, as one of several affirmative defenses, the defense of unclean hands. (*See* Appellants' E.R. E-154.) However, Beyries only pleaded the defense generally, "to the extent that [it] applies," and did not argue that it applied to the conversion claim. *Id.* Regardless, any confusion is cured by Beyries' proposed state court jury instructions, which only pleaded unclean hands as to the breach of contract claim. (*See* Appellants' E.R. E-86.) Further, Appellants have provided no evidence to show that this instruction was actually read to the jury, and Appellants have failed to provide the actual, final jury instructions, either to the bankruptcy court or before this Court.

The bankruptcy court only applied the doctrine of unclean hands to the state court conversion award. The Court finds that the bankruptcy court did not abuse its discretion by applying unclean hands as to that portion of the judgment as appellants did not meet their burden to show that the issue was actually litigated in the prior state court proceeding.

United States District Court
For the Northern District of California

**2. The doctrine of unclean hands precludes Appellants from recovery of the $25,000 conversion judgment.**

Appellants' state court conversion claim arose from several cash payments made by Frank to Beyries during the time that Beyries was serving as Northbay's attorney. (Appellee's E.R. Ex. C at 11.) The funds totaled $25,000 and were intended to serve as a legal defense fund in case anyone connected to NBW, such as employees or patrons, was arrested and/or prosecuted for selling, acquiring, or possessing marijuana. (*See id.*; Appellee's E.R. 1, 10 at 122-25; Memo at 2.)

The bankruptcy court found that, if it were not for the unclean hands of the Appellants, the $25,000 legal defense fund that the state court jury awarded to Appellants under a conversion theory would be nondischargeable under § 523(a)(4) of the Bankruptcy Code. (Memo at 2-3.) However, that court held that "the court cannot enter a judgment for [Appellants] because they were engaged in unlawful activity." (*Id.* at 3.) The court noted, "[w]hile the sale of marijuana may be legal under state law, it is a serious federal crime which cannot be legalized by a state." (*Id.*, citing *Gonzales v. Raich*, 545 U.S. 1, 29 (2005).)

In accordance with well-settled United States Supreme Court law, the bankruptcy court held that a "federal court should not lend its judicial power to a plaintiff who seeks to invoke that power for the purpose of consummating a transaction in clear violation of law." (*Id., citing Johnson v. Yellow Cab Co.*, 321 U.S. 383, 387 (1943).) That principle forms the basis for the unclean hands doctrine, which "closes the doors of a court to one who is tainted relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant." (*Id.*, citing *E.E.O.C. v. Recruit U.S.A., Inc.*, 939 F.2d 746, 752 (9th Cir. 1991).)

In the context of a § 523(a) claim, the bankruptcy court held that a "plaintiff with unclean hands is not entitled to a judgment of nondischargeability from a bankruptcy court." (*Id.*, citing *In re Umiwama*, 274 F.3d 806, 810 (4th Cir. 2001).) This is because a bankruptcy court is a court of equity, and the unclean hands doctrine stands for the principle that a guilty plaintiff does not deserve the benefits of equitable balancing. *See Kendall-Jackson Winery, Ltd. v. Superior Court*, 76 Cal. App. 4th 970, 978 (1999.) "The doctrine demands that a plaintiff act fairly in the

matter for which he seeks a remedy. He must come into court with clean hands, and keep them clean, or he will be denied relief, regardless of the merits of his claim." *Id.*

The bankruptcy court found that, because the $25,000 'legal defense fund' was "the actual proceeds of illegal drug sales," the Appellants' hands were unclean under federal law. (Memo at 3.) While the sale of marijuana may be legal under certain circumstances in California, it is unquestionably illegal under federal law. Appellants' hands were unclean, as a matter of federal law. As such, the bankruptcy court did not err in holding that Appellants could not recover their federally illegal profits under the federal Bankruptcy Code.

**C. The *Rooker-Feldman* Doctrine Does Not Apply.**

Appellants argue that the *Rooker-Feldman* doctrine prohibited the bankruptcy court here from dismissing the adversarial proceeding. (*See* Br. at 10.) The United States Supreme Court has recently clarified that the *Rooker-Feldman* doctrine only applies where "state-court losers . . . [invite] district court review and rejection of [the state court's] judgments." *Skinner v. Switzer*, 131 S. Ct. 1289, 1297 (2011). Here, it was the state court victors who brought suit, so the doctrine does not apply. The doctrine is further inapposite here because the bankruptcy court is not a district court and it was not asked to review the state court judgment, but rather to rule on an entirely new claim brought under the federal Bankruptcy Code.

**D. The Sixth Amendment Right to Counsel Does Not Apply.**

Appellants argue that the bankruptcy court erred by failing to "weigh [Beyries'] status as the credtor [*sic*] attorney in ablance [*sic*] of the sixth aemendment [*sic*] right to representaion [*sic*] as an equitable factor." (Br. at 21.) Appellants err in their contention because the sixth amendment, by its own text, only applies in criminal cases. U.S. Const. amend. VI.

**E. The Bankruptcy Court Did Not Err in its Evidentiary Findings.**

Appellants' final argument is that the bankruptcy court erred by excluding "evidence relating to...the dishonestly [*sic*] or fraud by the debtor," on the grounds that any such evidence is irrelevant. (Br. at 9.) This contention lacks merit because, as the bankruptcy court noted, a plaintiff's unclean hands "close[] the doors of a court to one who is tainted relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant."

(Memo at 3, citing *Recruit*, 939 F.2d at 752.) Because the bankruptcy court found that Appellants here have unclean hands, any evidence relating to Beyries' own misconduct is irrelevant as a matter of law.

**CONCLUSION**

For the reasons stated above, the judgment of the bankruptcy court is hereby AFFIRMED.

**IT IS SO ORDERED.**

Dated: September 18, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California